UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | |
|---|---|
| LUIS A. GONZALEZ, | Case No. 4:15-CR-353 |
| | Case No. 4:17-CV-458 |
| Petitioner, | |
| vs. | OPINION & ORDER |
| | [Resolving Doc. 66] |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Luis A. Gonzalez petitions for habeas corpus relief under 28 U.S.C. § 2255. He argues that he no longer qualifies as a career offender and was improperly sentenced under the United States Sentencing Guideline § 4B1.1; 1.2(a).[1] For the following reasons, the Court **DENIES** Gonzalez's § 2255 petition.

As an initial matter, Petitioner Gonzalez waived his right to challenge his conviction on collateral appeal.

"It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right.'"[2] This waiver applies to § 2255 claims if the defendant enters the waiver agreement knowingly and voluntarily.[3] Absent any manifest injustice, these waivers are enforceable.[4]

In his written plea agreement, Gonzalez voluntarily and knowingly waived his right to attack his sentence collaterally, except in very limited circumstances.[5] Gonzalez's career

---

[1] Doc. 66 at 3. The Government opposes. Doc. 72.
[2] *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001) (citing *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)).
[3] *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001); *see also Town of Newton v. Rumery*, 480 U.S. 386, 393 (1987).
[4] *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999).
[5] Doc. 40 at 6-7.

Case No. 4:15-CR-353
Gwin, J.

offender argument does not fall within those exceptions. He was not sentenced in excess of the statutory maximum or the stipulated Guidelines range. To the contrary, Gonzalez's sentence is at the lowest end of the range recommended by the Guidelines. He is not contesting his Criminal History Category. He is not raising ineffective assistance of counsel or prosecutorial misconduct claims. Because Gonzalez's career offender claim falls within the scope of his waiver, Gonzalez has waived his right to bring this § 2255 claim.

Moreover, the Supreme Court's recent opinion in *Beckles v. United States*[6] forecloses Petitioner Gonzalez's career offender argument.

Gonzalez's argument centers on the relationship between the Guidelines and the Armed Career Criminals Act (ACCA).

On June 26, 2015, the Supreme Court gave an opinion in *Johnson v. United States*, holding that the ACCA's residual clause was unconstitutionally vague.[7] If a sentencing court imposed an increased sentence based on felonies that only qualified under the residual clause, that sentence violated a criminal defendant's constitutional right to due process.[8]

A criminal defendant sentenced under the ACCA residual clause can collaterally challenge his ACCA affected sentence in a § 2255 habeas proceeding.[9]

The Guidelines' career offender provision defines "crime of violence" using the same language ruled unconstitutional in *Johnson*.[10] Therefore, since *Johnson*, many criminal defendants sentenced under the Guidelines' career offender provision have argued that *Johnson*'s holding should also apply retroactively to Guidelines cases.

---

[6] No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017).
[7] ___ U.S. ___, 135 S. Ct. 2551 (2015).
[8] *Id.*
[9] *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257, 1265 (2016).
[10] *See* United States Sentencing Guideline § 4B1.2(a).

-2-

Case No. 4:15-CR-353
Gwin, J.

In *Beckles*, the Supreme Court rejected this argument. In *Beckles*, the Petitioner argued that because the Court's *Johnson* opinion held "that the identically worded residual clause in the Armed Career Criminal Act . . . was unconstitutionally vague . . . the Guidelines' residual clause is also void for vagueness."[11]

In answering this argument, the *Beckles* Court held that because of the Guidelines' advisory nature, they "are not subject to vagueness challenges under the Due Process Clause."[12]

The Supreme Court's decision dictates the outcome of *Beckles*-dependant cases pending across the federal courts. Accordingly, this Court **DENIES** Petitioner Gonzalez's § 2255 petition. Furthermore, there is no basis upon which to issue a certificate of appealability.[13]

IT IS SO ORDERED.

Dated: June 21, 2017                    *s/           James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE

---

[11] No. 15-8544, 2017 WL 855781, at *3 (U.S. Mar. 6, 2017).
[12] *Id*.
[13] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).